IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV -1 P 12: 29

MARSHAL NIXON,

    Petitioner,

v.

BILLY BROWN, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-150

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marshal Nixon ("Nixon"), an inmate at Dodge State Prison in Chester, Georgia, filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction obtained in the Wayne County Superior Court. Respondent filed an Answer-Response. For the reasons which follow, Nixon's petition should be **DENIED**.

## STATEMENT OF THE CASE

After a jury trial in Wayne County Superior Court, Nixon was convicted of one count of malice murder. Nixon pleaded guilty to being a convicted felon in possession of a firearm. Nixon was sentenced to life imprisonment for the murder conviction and to five (5) years' imprisonment for the firearm conviction, to be served concurrently. Nixon filed a motion for a new trial, which the trial court denied. Nixon filed a direct appeal with the Georgia Supreme Court. In that court, Nixon asserted that he received ineffective assistance of trial counsel because his counsel: "misadvised" him regarding his right to testify; failed to present evidence of the deceased's propensity for violence; and failed to present evidence of threats the deceased made against him. (Doc. No. 1, pp. 2-3.) The

AO 72A
(Rev. 8/82)

Georgia Supreme Court affirmed the judgment of the Wayne County Superior Court, finding that the trial court "did not clearly err by finding that Nixon received reasonably effective assistance of counsel." Nixon v. State, 279 Ga. 164, 164, 611 S.E.2d 9, 11 (2005). Nixon did not file a petition for writ for habeas corpus on the state level.

In the instant petition, Nixon raises the same three instances of alleged ineffective assistance of trial counsel claims as he did in the Georgia Supreme Court. Nixon also raises, for the first time, his claim that his trial counsel, Alex Zipperer, allowed his associate, Steven Beauvais, to try this case without Nixon's approval.

## **STANDARD OF DETERMINATION**

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether

2

the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. at 391, 120 S. Ct. at 1512. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521.

## DISCUSSION AND CITATION OF AUTHORITY

I. **Nixon's Ineffective Assistance of Counsel Claims.**

Nixon contends that his trial counsel misadvised him of his right to testify at trial. Specifically, Nixon contends that the State never filed a notice of its intent to present similar transaction evidence during the trial, nor did the trial judge conduct a hearing on the same. Nixon alleges that his trial counsel testified at the hearing on the motion for new trial that he told Nixon he had the right to testify. However, he advised against Nixon testifying because Nixon had two (2) prior felony convictions and had been indicted for aggravated

3

assault, and his trial counsel felt these facts "would have been fertile grounds for cross-examination." (Pet., p. 4.)

Nixon also contends that his trial counsel failed to present evidence of the deceased's propensity for violence. Nixon asserts that, even though his trial counsel presented a justification defense, he presented no evidence in support of this defense. Nixon alleges that he witnessed the deceased "previously and violently beat another person", which "bears directly on whether [Nixon] reasonably believed that he was in danger of immediately receiving a violent injury." (Pet., p. 6.)

Finally, Nixon contends that his trial counsel failed to present evidence of threats the deceased made against him. Nixon avers that his trial counsel had "no strategy for not presenting evidence" that the deceased threatened him on a previous occasion and that the deceased was carrying a knife. (Pet., p. 8.)

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The standard governing ineffective assistance of counsel claims was set forth by the United States Supreme Court in Strickland, and the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 at 686, 104 S. Ct. at 2064.

To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an

objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

Nixon presented these same allegations of ineffective assistance of counsel to the Georgia Supreme Court. The Georgia Supreme Court found that the trial court did not "clearly err by finding that Nixon received reasonably effective assistance of counsel." Nixon, 279 Ga. at 164, 611 S.E.2d at 11. In so finding, the Georgia Supreme Court applied Strickland to the facts presented before it. The Georgia Supreme Court noted that the trial court's finding that Nixon's claim that his counsel advised him not to testify was not ineffective assistance should be upheld. The Supreme Court also noted that:

> Looking to counsel's testimony [during the motion for a new trial] as a whole, however, the trial court found that counsel's advice was given after counsel balanced the damage to Nixon's justification defense with the risk that Nixon's criminal record would be introduced if he took the stand and that this risk was supported by Nixon's testimony at the hearing on the motion for new trial.

Id. at 165, 611 S.E.2d 11. The Georgia Supreme Court determined that Nixon failed to show that, had his counsel not "prevented him from testifying," there was a reasonable probability that the result of the proceeding would have been different.

The Georgia Supreme Court found that Nixon failed to establish that trial counsel's failure to introduce testimony by Nixon's wife that the deceased made threats against Nixon to her was not "sound trial strategy that a reasonable lawyer under similar

5

circumstances would have pursued." Id. In reaching this finding, the Georgia Supreme Court stated:

> Although this threat was never communicated to Nixon, he contends the testimony could have been admitted to demonstrate the victim's state of mind. However, counsel's testimony reflected that his decision not to call Ms. Nixon was not based upon any misapprehension as to the admissibility of the wife's testimony but was instead based upon the fact that the uncommunicated threat provided no pertinent insight into Nixon's state of mind in shooting the victim, which arose out of a conflict entirely unrelated to Ms. Nixon.

Id. (internal citation omitted).

Finally, as to Nixon's third allegation of ineffective assistance of counsel, the Georgia Supreme Court determined that Nixon failed to carry his burden under Strickland that his trial counsel erroneously failed to introduce evidence of the victim's propensity for violence. The court found:

> Contrary to Nixon's contention, the trial transcript establishes that counsel elicited evidence on cross examination that the victim had a knife in his possession. Although Nixon contends that the victim had his hand in his pocket as he approached Nixon and that the victim had behaved violently towards others on previous occasions, Nixon presented no evidence other than his own testimony to support his claim.

Id.

The Georgia Supreme Court reviewed the trial and motion for new trial transcripts, *inter alia*, in determining that the trial court did not err by finding that trial counsel's assistance was reasonably effective. Based on a review of the record before this Court, the Georgia Supreme Court's rejection of Nixon's claim that his counsel rendered ineffective assistance is not contrary to, or an unreasonable application of, Strickland. Nixon does not present any evidence for this Court to reach a contrary conclusion. Nixon's enumeration of error is without merit.

6

II.   **Nixon's Procedurally Defaulted Claim.**

Nixon asserts that he hired Alex Zipperer, an experienced attorney, to represent him during the course of the criminal proceedings, but Zipperer, without Nixon's approval, allowed one of his associates, Steven Beauvais, to try the case. Nixon did not raise this issue on direct appeal. (Resp't's Ex. 4.)

It is well-established by the United States Supreme Court that the failure of a petitioner to comply with state procedural grounds during direct appeal constitutes an independent and adequate state law ground for the state court's adjudication of a petitioner's claim, thereby precluding habeas review by a federal court. Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991) (citing Wainwright v. Sikes, 433 U.S. 72, 81, 87, 97 S. Ct. 2497, 2503-04, 2506-07, 53 L. Ed. 2d 594 (1977)) (other citations omitted). As stated by the Supreme Court, the independent and adequate state law ground "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." Id.

The Court in Coleman held that only two exceptions can apply to prevent the independent and adequate state law ground doctrine from barring federal habeas review: (1) demonstration by the petitioner of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) demonstration by the petitioner "that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750, 111 S. Ct. at 2565. In Georgia, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. §

7

9-14-48(d); <u>Black v. Hardin</u>, 255 Ga. 239, 240, 336 S.E.2d 754, 755 (1985) (stating that the failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus).

As Nixon did not raise this issue on direct appeal, he has procedurally defaulted this claim pursuant to O.C.G.A. § 9-14-48(d). Nixon has not shown cause and prejudice to overcome this procedural default or that this Court's failure to consider this claim would result in a fundamental miscarriage of justice. Nixon is not entitled to relief on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Nixon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___ day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)